HIGGINS, Justice
 

 (concurring in the decree).
 

 The State in its application for remedial writs has asked that this Court recognize its right to appeal from an order of the district judge entering a nolle prosequi under the provisions of Article 8 of the Code of Criminal Procedure, as amended by Act No. 323 of 1942, and, in the alternative, that the State be accorded the right to have the order in question reviewed under our supervisory jurisdiction through writs of certiorari, prohibition and mandamus. The only issue to be decided at this time is whether or not the State’s remedy is by appeal or through remedial writs under our supervisory jurisdiction.
 

 The pertinent part of Article 8 of the Code of Criminal Procedure,' as amended by the above statute, reads as follows:
 

 "In felony cases when three years elapse from the date" of finding an indictment, or filing an information,
 
 and in all other cases when two years elapse from the date of finding an indictment, or filing an information, or affidavit,
 
 it shall he the mandatory duty of the District Attorney to enter a nolle prosequi, if the accused has not been tried, and if the District Attorney fail or neglect to do so, the Court may on motion of the defendant or his attorney cause such nolle prosequi entered the same as if entered by the District Attorney,
 
 provided that if at any time during said three or two year periods, respectively, the offender is a fugitive from justice, such prescriptive period shall be suspended and shall recommence to run only from the date said offender is captured or surrenders.” (Italics mine.)
 

 It will be noted that the statute makes it the mandatory duty of the district attorney to enter a nolle prosequi under the conditions set forth therein. It further provides that if the district attorney fails <?r neglects to do so, the Court, on motion of the defendant or his attorney, may enter the nolle prosequi the same as if entered by the district attorney. Clearly, if the trial judge abuses his discretion and arbitrarily causes the nolle prosequi to be entered, the State would have the right to have such action on the part of the trial judge reviewed by writs under our supervisory jurisdiction. This is the simplest and most expeditious manner of having the correctness of the ruling of the trial court determined.
 

 
 *687
 
 It does not appear to me that an appeal by the State is an adequate remedy under the circumstances of this case. The application for the remedial writs was filed here on June 4, 1943, and the writ of certiorari with a rule nisi was granted. The return date thereof was October 8, 1943, on which day the matter was submitted on the record and briefs of counsel.
 

 As it has been decided in the main opinion that the State’s remedy is by appeal, the trial judge has been directed to sign the order of appeal and to reinstate his signature on the bill of exception reserved by the State. The defendants will be entitled to a period of fifteen days within which to apply for a rehearing. If they do so, it will be about two or three weeks later before this Court will determine whether or not a rehearing should be granted. If the rehearing is refused, the case will then go back to the district court where the order of appeal and bill of exception will be completed and the transcript made up and the record subsequently filed in this Court. The case will then have to be set for hearing here at some future date only on the question of the correctness of the trial judge’s ruling and from the time the case is heard until it is decided, at least another month will have elapsed. If we hold that the district court erred, the case will have to, be remanded for further hearing or trial. These delays are the result of the State maintaining and the holding here that its remedy is by appeal. ' However, under the State’s alternative request for remedial writs under our supervisory jurisdiction, we could have set the case for trial during the month of June 1943 and determined not merely the procedural issue here presented but the real controversy of the parties,, i. e., the correctness of the order of the trial judge entering the nolle prosequi. This prompt and effective way of deciding whether or not the trial judge had abused his discretion in entering the nolle prosequi is in keeping with the letter and spirit of Amendment VI of the Constitution of the United States and Section 9 of Article 1 of .the Constitution of Louisiana of 1921 requiring a speedy trial of criminal cases.
 

 The only advantage that the State will enjoy under its appeal is to have the right to orally argue the case before us. It is doubtful whether this advantage outweighs the disadvantage that the State will suffer by further delay in the case that has already been pending in the district court for more than three years. This is especially true because if this Court ultimately determines that the nolle prosequi was improperly entered by the district judge, the case will then have to be remanded to the district court for further proceedings or trial on the merits.
 

 Furthermore, since we have ordered up this case under our supervisory jurisdiction and the whole record has been filed here and all issues have been fully presented in the briefs of both sides, I see no good reason why we should not proceed to pass upon the questions presented without further delay.
 

 The above observations are made to show that the State may be handicapped in
 
 *689
 
 some future similar criminal proceeding if the holding in the main opinion that the State, under such circumstances, has an adequate remedy by appeal establishes a ■precedent. But as the State is insisting that its remedy is by appeal rather than by remedial writs under our supervisory .jurisdiction and does not complain of the delays that will result from proceeding by appeal, and as it is obvious that the correctness of the trial judge’s order entering the nolle prosequi will finally be determined under either method of procedure, I respectfully concur in the decree.